UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

Case No.: 2:22-cv-00414-SPC-NPM

FORREST WALKER,

    Plaintiff,
vs.

ADVANCED AIR AND
REFRIGERATION INC., and
WILLIAM BLAZE,

    Defendants.
_____/

## SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

(OPT-IN PURSUANT TO 29 U.S.C. § 216(B))

COMES NOW, The Plaintiff, FORREST WALKER, ("Plaintiff"), by and through the undersigned counsel, hereby sues Defendants ADVANCED AIR AND REFRIGERATION, INC., a Florida Corporation, and WILLIAM BLAZE, individually, (collectively, "Defendants"), and in support avers as follows:

## GENERAL ALLEGATIONS

1. This is an action by the Plaintiff for damages exceeding $30,000.00 excluding attorneys' fees or costs resulting from Defendants' retaliation against Plaintiff in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA").

1

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216.

3. Plaintiff was at all times relevant to this action, and continues to be, a resident of Lee County, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the FLSA.

4. Defendant, ADVANCED AIR AND REFRIGERATION, INC., having its main place of business in Lee County, where Plaintiff worked for Defendant and at all times material hereto was and is engaged in interstate commerce.

5. Defendant, WILLIAM BLAZE, is a corporate officer of, and exercised operational control over the activities of corporate Defendant, ADVANCED AIR AND REFRIGERATION, INC.

6. Venue is proper in Lee County because all of the actions that form the basis of this Complaint occurred within Lee County and payment was due in Lee County.

7. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

**FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

8. Plaintiff was employed with Defendants for over twenty (20) years and was terminated on or about September 10, 2021.

9. At all times material hereto, Plaintiff and Defendants were engaged in an implied agreement whereby Plaintiff would be employed by Defendants and that Plaintiff would be properly paid as provided for by, and not in violation of, the law of the United States and the State of Florida.

10. While Plaintiff worked for Defendants, Defendants failed to compensate Plaintiff at the required minimum wage pursuant to the FLSA. Specifically, Defendants failed to compensate Plaintiff for his hours on the clock for various months as a result of the constant docking of wages by the Defendants.

11. Defendant was significantly late on payments owed to Plaintiff, and Plaintiff sometimes waited as long as 6-7 weeks just to be paid properly.

12. Plaintiff complained to Defendants regarding his unpaid wages and immediately after Plaintiff was retaliated against because of his complaints.

13. Specifically, Plaintiff complained to Defendants' agents Holly and Tiarra. Plaintiff explained that his paycheck had the incorrect number of hours.

14. For some of the missed hours the Defendants corrected the missed wages, but the Defendants continued this intentional docking of the Plaintiff's worked hours and failed to compensate the Plaintiff appropriately under the FLSA.

15. Plaintiff was paid approximately $ 20.00/hour as a service tech for the Defendants.

16. Specifically, Defendants began reducing Plaintiff's hours as they would appear in Plaintiff's paychecks even though Plaintiff was working many more hours than those that would be represented in his pay stubs.

17. Plaintiff later brought these discrepancies to the Defendants' agent Sebastian Lacrosse and even requested a meeting with the owner of the company to discuss the improper pay practices, but instead Mr. Lacrosse terminated the Plaintiff and did not correct the Defendants' unlawful actions.

18. Plaintiff complained to Defendants primarily verbally, but would sometimes send text messages to voice his frustration of not being paid correctly and promptly.

19. Plaintiff would never have been paid any of the money that was improperly deducted away from him had ne not complained, and Defendants knew Plaintiff was not afraid to complain about not being paid correctly.

## COUNT I
### *FLSA Retaliation Against*
### *ADVANCED AIR AND REFRIGERATION, INC.,*

20. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 19 of this complaint as if set out in full herein.

21. 29 U.S.C. § 215(a)(3) of the FLSA states that it is a violation to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any

4

proceeding under or related to this Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

22. Defendant's conduct as set forth above constitutes a violation of the FLSA's anti-retaliation provision.

23. The motivating factor that caused Plaintiff's constructive discharge as described above was Plaintiff's complaints regarding Defendants' unlawful pay practices and Defendants' refusal to pay monies due and owing to him under the FLSA.

24. Defendant's conduct was in direct violation of the FLSA, and, as a direct result, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

   a. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

   b. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum and/or overtime wages, with interest; and

   c. Award Plaintiff an equal amount in double damages/liquidated damages; and

   d. Award Plaintiff the costs of this action, together with reasonable attorney fees; and

e. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
### *FLSA Retaliation Against WILLIAM BLAZE*

25. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 19 of this complaint as if set out in full herein.

26. 29 U.S.C. § 215(a)(3) of the FLSA states that it is a violation to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

27. Defendant's conduct as set forth above constitutes a violation of the FLSA's anti-retaliation provision.

28. The motivating factor that caused Plaintiff's constructive discharge as described above was Plaintiff's complaints regarding Defendants' unlawful pay practices and Defendants' refusal to pay monies due and owing to him under the FLSA.

29. Defendant's conduct was in direct violation of the FLSA, and, as a direct result, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against

Defendant:

a.  Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

b.  Award Plaintiff actual damages in the amount shown to be due for unpaid minimum and/or overtime wages, with interest; and

c.  Award Plaintiff an equal amount in double damages/liquidated damages; and

d.  Award Plaintiff the costs of this action, together with reasonable attorney fees; and

e.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: August 17, 2022.                    Respectfully submitted,

*/s/ Max L. Horowitz*
**Anthony M. Georges-Pierre, Esq.**
Florida Bar No.: 533637
agp@rgpattorneys.com
**Max L. Horowitz, Esq.**
Florida Bar No.: 118269
mhorowitz@rgpattorneys.com
**Jorge L. Costa, Esq.**
Florida Bar No.: 1031513
JCosta@rgpattorneys.com

7

**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 17, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing:

Scott E. Atwood, Esq.
Scott.atwood@henlaw.com
Denise.nogueiras@henlaw.com
HENDERSON FRANKLIN STARNES & HOLT, P.A
1715 Monroe Street
P.O. Box 280
Fort Myers, FL 33902-0280
Tel: (239) 344-1100
Fax: (239) 344-1200
*Counsel for Defendants*

*/s/ Max L. Horowitz*
Anthony M. Georges-Pierre, Esq.
Florida Bar No. 533637
Max L. Horowitz, Esq.
Florida Bar No.: 118269
Jorge L. Costa, Esq.
Florida Bar No.: 1031513

8